UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CR-00865 HEA |
| | ) | |
| NICOLE M. SCOTT, | ) | |
| | ) | |
|    Defendant. | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

COMES NOW, the United States of America, by and through Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Kyle T. Bateman, Assistant United States Attorney for said District and, for its Sentencing Memorandum states as follows:

1.      On October 16, 2019, the defendant, Nicole M. Scott, pled guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343.  Sentencing in this matter is currently set for January 23, 2020.  The defendant has an advisory guidelines sentence range under the United States Sentencing Commission of 51 to 63 months (Total Offense Level of 24, Criminal Category I).

2.      The Government submits that there is no basis, either in the law or the underlying facts and circumstances, that would justify a downward variance to a sentence less than the advisory guidelines range.  It is the Government's position that justice and fairness require a lengthy sentence of imprisonment in this case in order to adequately reflect the seriousness of the offense, promote respect for the law, and provide just

1

punishment for defendant's criminal offenses as is required by 18 U.S.C. § 3553(a)(2)(A). As such, the Government respectfully suggests that a sentence within the guidelines range of 51 to 63 months is reasonable and defers to this honorable Court concerning the sentence to be imposed.

3.       Title 18, United States Code, Section 3553(a) sets out the factors this Court should consider in fashioning an appropriate sentence.   The first such factor to be considered is the nature of the offense and the history and characteristics of the defendant. *See* 18 U.S.C. § 3553(a)(1).

4.       The defendant perpetrated a long-lasting scheme to defraud her employer (the "Company") that began approximately two years after she was first hired and continued for ten years (between January 2009 and January 2019).   As part of her scheme, the defendant abused her position of trust with the Company in order to fraudulently access lists of terminated employees in Company's payroll system.   The defendant selected certain employees, altered the direct deposit information for such employees to her own bank account, and then initiated fraudulent payments to these employees.   The result of her actions caused the fraudulent payments (supposedly to terminated employees) to be deposited into the defendant's bank account.   The defendant specifically chose the types of transactions because they did not trigger additional tax forms to be issued to the terminated employees, thus allowing her scheme to go undetected for many years.   In addition, to further conceal her scheme, the defendant manipulated payroll journal entries in the Company's accounting software.   In total, the defendant initiated approximately 129

fraudulent transactions totaling $1,858,404.49.  These fraudulent payments caused the Company to pay an additional $21,493.75 in taxes.

5.      The defendant was paid well and received generous benefits from the Company that she victimized.  In addition, throughout the course of the scheme, the defendant's spouse earned signicant income from his own employer.  In other words, the defendant was wealthy even without accounting for the funds that she was embezzling every year (which often times exceeded $200,000 per year).  The defendant used her criminal proceeds for no other purpose than to fund her lavish lifestyle, including to live in an upscale home and to purchase expensive clothes.

6.      By all accounts, the defendant's criminal conduct was substantial and egregious.  There is no indication that the defendant had any remorse or plan to stop, or even slow down, before she was caught in January 2019.  Indeed, by the time the defendant was caught, she had become so emboldened that she was regularly causing fraudulent monthly deposits averaging approximately $24,000 to be made into her personal account.

7.      This Court's sentence should also afford adequate deterrence to criminal conduct.  *See* 18 U.S.C. § 3553(a)(2)(B).  In white-collar offenses where the motivation is greed, and criminal actors often calculate the financial gain and risk of loss, deterrence is of paramount importance.   *See, e.g., United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006) (quoting Stephanos Bibas, *White-Collar Plea Bargaining and Sentencing After Booker*, 47 WM. & MARY L. REV. 721, 724 (2005)) ("Because economic and fraud-based crimes are 'more rational, cool, and calculated than sudden crimes of passion or opportunity,' these crimes are 'prime candidate[s] for general deterrence.'").  The Court

should fashion an appropriate sentence and punishment not only to deter this defendant from future criminal conduct, but to also deter other individuals in similar trusted high level positions from committing similar crimes.

       8.     Based on the foregoing, the Government respectfully suggests that a sentence within the guidelines range (51 to 63 months) is sufficient, but not greater than necessary, to adequately reflect the seriousness of the offense, promote respect for the law, and provide just punishment for defendant's criminal offenses, and defers to this honorable Court concerning the sentence to be imposed.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

*/s/ Kyle T. Bateman*
KYLE T. BATEMAN – #996646 (DC)
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri  63102
(314) 539-2200
kyle.bateman@usodj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 16, 2020, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

  /s/   Kyle T. Bateman
KYLE T. BATEMAN, #996646DC
Assistant United States Attorney
